**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **PHANTA U. DARAMY-ANDREWS** | ) | |
| **707 49TH PLACE, NE** | ) | |
| **WASHINGTON, DC 20019-4805** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CASE NO. 1:22-CV-01694-TJK** |
| | ) | |
| **LIBERTY INSURANCE CORPORATION** | ) | |
| **175 BERKELEY STREET** | ) | |
| **BOSTON, MA 02116** | ) | |
| **SERVE REGISTERED AGENT** | ) | |
| **CORPORATION SERVICE COMPAY** | ) | |
| **1090 VERMONT AVENUE, NW, # 430** | ) | |
| **WASHINGTON, DC 20005** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CORPORATE SECRETARY** | ) | |
| **175 BERKELEY STREET** | ) | |
| **BOSTON, MA 02116** | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Phanta U. Daramy-Andrews, by and through under-signed counsel, Charles C. Iweanoge and THE IWEANOGES' FIRM, PC and files her Amended Complaint and Jury Demand as follows.

### I. JURISDICTION AND VENUE

1.      The transaction involves insurance policy and property in the District of Columbia.

2.      Pursuant to *D.C. Code Ann., §§ 13-422 and §§ 13-423*, this Court has personal jurisdiction over Defendant because they transacted business within the District of Columbia.

3.      Pursuant to *D.C. Code Ann., §§ 11-921,* this Court has jurisdiction over the subject matter of the claims raised herein because it involves insurance policy and real property located in the District of Columbia.

4.      Pursuant to *D.C. Code Ann., §§ 13-423,* the District of Columbia is the proper venue for this action because the real property is in the District of Columbia.

## II. THE PARTIES

5.       Plaintiff, Phanta Daramy-Andrews**,** is of the full age of majority and a resident of the District of Columbia.

6.      Defendant, Liberty Insurance Corporation **,** is a foreign insurance company authorized to do and/or doing business in the District of Columbia

## III. FACTUAL BACKGROUND

7.      The Plaintiff is the owner of the property known as 707 49th Place, NE, Washington, DC, 20019 who purchased insurance coverage from the Defendant, Liberty Insurance Corporation with Policy Number H37-238-660209-40 8 4, for her property located at 707 49th Place NW, Washington, D.C. 20019. The effective date of the policy was January 26, 2019, was expected to expire on January 26, 2020.

8.      The insured property was Plaintiff's primary residence during the relevant period and Plaintiff still resides at the property as her primary residence.

9.      The basement of the loss location was used primarily for storing precious and rarely used personal property and personal space area. The basement

contained clothes, plates, saucers, cups, radio, wine glasses, speakers, books, vases, CD players, etc.

10.     On or about April 21, 2019, the basement of the property flooded due to pipe break, which caused extensive damages to the basement, and all the properties in the basement.

11.     Also, most of the personal property suffered mold damage after the incident, resulting in Plaintiff's personal property in the basement being a total loss entitling plaintiff to the full insurable amount shown on her policy for personal property. In addition, the real property was also damaged by the water and subsequent molding.

12.     Defendant contracted the services of 1-800-Packouts to remove Plaintiff's personal property for clean-up and storage. 1-800-Packouts discarded some of Plaintiff's personal property because they were unsalvageable and removed the rest to its business location for storage and cleanup. Defendants requested that Plaintiff itemize all her personal property resulting in Plaintiff spending two days at 1-800-Packouts itemizing her personal property stored at that location.

13.     Plaintiff contacted Defendant and filed a claim under their coverage for the cost of cleanup, repairs, damage to her personal and real property. Defendant conducted deposition of the Plaintiff prior to accepting the claim. Defendant accepted that the loss was covered under Plaintiff's insurance policy and the insurance set up a claim and requested Plaintiff to provide an itemized

list of her damaged personal properties which Plaintiffs subsequently did and submitted an affidavit of loss. Defendant rejected the listed personal property submitted to them for reasons unknown to Plaintiff. Plaintiff requested that since most of the items were still stored with I-800-Packouts that Defendant's adjuster should inspect and evaluate the items which they refused.

14.     The estimated loss to Plaintiff for cleanup, storage, repairs to basement, property damage, and loss of personal property is Two Hundred and One Thousand Thirty-Seven Dollars and Thirty-Four Cents ($201,037.34).

15.     At the time of the water damage, the Plaintiffs had in force a Homeowners Insurance policy coverage issued by Liberty Insurance Corporation. Said policy of insurance contained a provision for property damage and for the kind of losses and damages sustained by Plaintiff.

16.     Plaintiff made a demand for payment to cover the loss as provided under her policy but Defendant without justification continued to prolong payment on the claim. Subsequently, in 2020, Defendants refused to make any payment and closed the file.

17.     Defendant's refusal to pay for the cleanup, repairs, and covered damaged properties  is a material breach of the insurance agreement. Defendant in contravention of the insurance agreement failed and/or refused to pay Plaintiff's repair and replacement costs for the damages done to her personal properties, cost of storage of the personal properties and damages to the real property under the Plaintiff's insurance policy.

## IV. CAUSES OF ACTION

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18.     Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 17, as if delineated here in extenso.

19.     Defendant breached its contract of insurance with plaintiff by:

A. Failing to adjust the claim promptly and reasonably;
B.  Failing to properly train and/or instruct its adjusters and/or agents;
C. Failing to provide uniform and/or standard guidelines to adjusters and/or  agents to properly evaluate claims;
D. Failing to timely provide sufficient funds for the repairs and replacement of the subject property;
E.  Failing to promptly adjust and properly pay the policy limits for the plaintiff's total loss of personal property;
G. Failing to provide sufficient funds for the repair or replacement of the contents contained in the subject property, as per policy provisions; and
H. Any other acts or omissions to be shown at trial on the merits.

20.     Plaintiff has suffered damages and continues to suffer damages as a result of Defendant's breach of the contract.

## SECOND CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

21.     Plaintiff realleges and reavers every allegation contained in Paragraphs 1 through 20, as if delineated herein extenso.

22.     Parties to every contract, including insurance contracts, owe each other a duty of good faith and fair dealing. Defendant agreed to act in good faith and deal fairly with Ms. Daramy-Andrews when it entered into the insurance contact and accepted her premium payments.

23.     Defendant's conduct in handling Plaintiff's claim, including but not limited to refusing to accept the claim until after it deposed Plaintiff, delaying the adjustment of the claim that resulted in the molding and damage of Plaintiff's real and personal property, refusing to pay the storage and cleanup company, and closing the case without justification, constitute extreme and outrageous behavior by Defendant that denied Plaintiff the fruit and benefit of her insurance contract, in violation of the implied covenant of good faith and fair dealing inherent in that contract.

24.     As a direct and proximate result of Defendant's violation of its implied covenant of good faith and fair dealing, Plaintiffs has been deprived of the bargained for value of her insurance contract.

25.     Plaintiff has at all times complied with the terms of Defendant's Policy and as a result of Defendant's breach of duty of good faith and fair dealings, Plaintiff is entitled to an award that will compensate her for her economic losses, loss of the value of time, interest, attorney's fees, and other losses that she sustained as a result of the breach.

### THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

26      Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 25, as if delineated herein extenso.

27.     Despite realizing substantial premium from plaintiff, Defendant has withheld the insurance payments owed to plaintiff for the damage and loss of her property  due to water damage to her insured property.

28.     Defendant have therefore been unjustly enriched at plaintiff's expense.

**WHEREFORE,** plaintiff, Phanta Daramy-Andrews, respectfully prays that a judgment be entered in her favor and against defendant in the amount of Three Hundred Thousand ($300,000.00) in damages, prejudgment interest, post judgment interest, attorney's fees and costs, punitive and/or exemplary damages as may be allowed by law and for further relief as equity and justice require.

Respectfully submitted,<br>THE IWEANOGES' FIRM, P.C.

Phanta Daramy-Andrews    By:__/s/CharesCIweanoge/s/_____
Plaintiff by Counsel          Charles C. Iweanoge (Bar #: 465663)
                            1026 Monroe Street, NE
                            Washington, D.C. 20017
                            Telephone: (202) 347-7026
                            Fax: (202) 347-7026
                            Email: cci@iweanogesfirm.com

**JURY DEMAND**

The Plaintiffs through Counsel respectfully demands a jury trial on all issues presented herein.

                           ____/s/CharesCIweanoge/s/_____
                                   Charles C. Iweanoge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2922, Plaintiff's Amended Complaint was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to all attorneys of record.

___/s/CharlesCIweanoge/s/_____
Charles C. Iweanoge
